Davis, J.,
delivered tbe opinion of tbe court:
This plaintiff (owner of a steamboat) was under contract to carry the mails upon a “ star route” in Florida. In July (1885), bis boat being laid up for repairs, be employed another steam-boatman, Orienitb F. Allen, to perform tbe service for him temporarily. Tbe contract between them was'that Allen should carry tbe mails for $50 per trip, tbe agreement to be terminated by either party upon notice.
About July 12,1885, tbe Post-Office Department informed Wreford that bis compensation was considered excessive; that tbe service could be obtained at a less rate, and be was told to inform tbe Department at what lower rate be would continue. To this be answered: as tbe service was expensive, be could make no reduction. This reply tbe Department (by telegram) “considered declination to acceptless than contract rate, * # * adding Department can secure service at lower rate, and will do so if you will not reduce your price.”
When this telegram was received, plaintiff was ill and almost helpless. Hence nearly a month elapsed before be answered tbe Department. He then stated the facts which led to tbe delay, and added that be bad employed Allen, meantime, to carry tbe mail in bis place. Defendants, nevertheless, employed another contractor.
*424 The facts as to this employment may thus be summarized: July 28 the Department telegraphed plaintiff that they intended to employ another contractor; August 4 the Department ordered a contract to be concluded with one Owens for performance of this postal service “ from August 15 ;” between July 21 and August 15 the mail was carried by Allen under a previous arrangement with plaintiff; the Post-Office paid Allen and charged this payment to plaintiff. Thus on the books plaintiff is charged with the cost of the service, but not credited with the sum due for it under his contract, and that sum is the subject-matter of this action.
The contract (with plaintiff) was not treated by the Post-Office as abandoned or forfeited, but was terminated by the Postmaster-General under his notice that the rate of compensation must be reduced and his order for a new contract (with Owens) to begin August 15.
The result of all this is that: plaintiff’s boat being under repair, he procured the services of another boat owner to perform the service for him; the service was, in fact, performed, without loss to defendants. The arrangement between plaintiff and his agent does not concern defendants. No deceit or fraud is shown in the case and no provision of the contract required the plaintiff to carry the mails in his own or any other particular boat. On the contrary, as the contract made him “answerable for the person to whom ‘he might’ commit the carriage and transportation of the mail,” it may be inferred that he had authority to employ some one to do that work for him and that the duty imposed by the contract was not regarded as personal. The service which the Government required was, in fact, performed by another upon plaintiff’s request, because of his own temporary inability to perform it. There appears no ground for forfeiture here.
We are of opiuion that plaintiff should recover the one month’s extra pay for this service. (See Otis v. United States, 24 C. Cls. R., p. 61; Woodlief v. United States, 26 ib., p. 457; Salisburg v. United States, 28 ib., p. 52; Chicago v. N. W. Rwy. Co., 104 U. S. R., p. 680.)
Judgment for plaintiff in the sum of $622.91,